ROBERTS *v.* FOX GROCERY COMPANY.

Opinion delivered October 28, 1918.

PARTNERSHIP—EVIDENCE.—Evidence *held* insufficient to establish the existence of a partnership.

Appeal from Carroll Circuit Court, Eastern District; *J. S. Maples,* Judge; reversed.

*C. A. Fuller,* for appellant.

J. Riley Roberts was not a member of the firm nor liable in any way for the debt. A verdict should have been directed for him. 71 Ark. 445. It was eror to refuse instructions Nos. 1, 2 and 3 for appellant.

*Festus O. Butt,* for appellee.

HUMPHREYS, J. Appellee, a partnership composed of W. G. Jefferson and U. G. Fox, brought suit for a balance due on open account against Riley Roberts & Son, an alleged partnership composed of J. Riley Roberts and Ed Roberts, before J. H. Holman, a justice of the peace in Prairie township, Carroll County, Arkansas. The only pleading filed was a statement of the account.

From the judgment rendered in the magistrate's court, an appeal was prosecuted to the circuit court for the Eastern District of Carroll County. The cause was

there tried upon the statement of account, the instructions of the court and the oral evidence adduced. A verdict was returned by the jury in favor of appellee against both Ed Roberts and J. Riley Roberts for $104.77, upon which a judgment was rendered. From the judgment thus rendered, J. Riley Roberts has appealed.

Ed Roberts defended on the ground that he had paid the indebtedness. J. Riley Roberts defended on the ground that he was not a member of the firm, and in no way bound for the indebtedness. Ed Roberts has not appealed, so the only issue presented for determination here is whether there is sufficient evidence in the record to support the finding of the jury to the effect that J. Riley Roberts was a member of the firm.

W. G. Jefferson, a member of the Fox Grocery Company, testified on this particular point that when Ed Roberts came to him to purchase the goods, Ed told him that his father, J. Riley Roberts, was a member of the firm; that he charged the goods to J. Riley Roberts & Son and billed them out to that firm; that, after he had sold the bill of goods, he had a talk with J. Riley Roberts, who denied that he was connected in any way with the firm; that, after selling the bill, he wrote a time or two to Riley Roberts & Son and addressed the letter, or letters, to Alabam; that the letters were not returned.

Ed Roberts testified that his father had no interest in the business; that he never made a statement to W. G. Jefferson to the effect that his father was a member of the firm; that he never bought the goods in the name of J. Riley Roberts & Son, and never received a bill for same, and never received any letters addressed to the firm; that he purchased some goods from the Morris Grocery Company in his individual name before he went into the grocery business and paid for the goods himself; that after going into the grocery business, he purchased some goods from the Wall Grocery Company in his individual name, which were paid for by his father; that he sold his father a heifer to pay the debt.

J. Riley Roberts testified that he lived at Alabam; that his son lived ten miles distant, and he got his mail at Cabanal; that he was not interested in his son's grocery business; that he never gave his son authority to conduct the business in the name of J. Riley Roberts & Son, and that he never had any knowledge that he was so conducting it, or that his son ever told any one that he was concerned in the business; that he paid one debt to Wall Grocery Company which his son had made; that his son sold him a heifer for the purpose of paying the bill; that in payment he gave Wall Grocery Company a note executed by his son and himself; that he signed both names to the note; that he was at his son's place one time and saw a couple of statements there, probably from the Wall Grocery Company; that he did not know whether the goods were charged to him or not; that he never received any letters addressed to the firm of J. Riley Roberts & Son.

The positive evidence in this case fails completely to connect J. Riley Roberts with the firm of J. Riley Roberts & Son. If at the time of the purchase Ed Roberts told W. G. Jefferson that his father, J. Riley Roberts, was connected with the business, it lacks probative force because it does not show that J. Riley Roberts had any knowledge of such representation. If the circumstance that Fox Grocery Company wrote one or two letters about the account to J. Riley Roberts & Son at Alabam would warrant a jury in finding that J. Riley Roberts received the letters addressed to J. Riley Roberts & Son at Alabam, this happened after the purchase of the goods and could in no way bind J. Riley Roberts upon the purchase. The circumstance that J. Riley Roberts settled a bill with the Wall Grocery Company for his son was not authority to support a finding that he was a member of the firm, because it is conceded that this happened after the obligation was incurred. It was a privilege of the father to pay any, or all, of his son's bills, and the payment of one bill did not obligate him to pay another. Of course, if he had paid the bill with the knowledge that it had been

charged to the firm of J. Riley Roberts & Son, it might have been a circumstance tending to show that he was a member of the firm, but there is no such showing in this case. The only evidence bearing upon the point was that given by Ed Roberts to the effect that the bill bought from Wall Grocery Company was charged to him individually. Both J. Riley Roberts and Ed Roberts testified that Ed Roberts sold his father, J. Riley Roberts, a heifer in order to get him to pay said bill.

It seems to us that there is no positive or circumstantial evidence in this record that warranted the court in sending to the jury the question of whether J. Riley Roberts was connected with the firm of J. Riley Roberts & Son. The rule is well established on appeal that there must be some legal, substantial evidence to support a verdict. It was therefore error in the present state of the record for the court to have sent the question to the jury of whether J. Riley Roberts was a member of the firm of J. Riley Roberts & Son. Appellant asked the following instruction: "The evidence would not warrant a verdict against Riley Roberts. You will therefore return a verdict in favor of the said Riley Roberts." This instruction upon the record before us was a proper request and should have been granted.

For the error indicated, the judgment is reversed and the cause remanded for proceedings not inconsistent with this opinion.